VIVEK SURI, ESQ.
401 Broadway
Suite 1708
New York, NY 10013
T: (212) 537-6936
F: (646) 356-6914
E: info@viveksuri.com

Attorney for Plaintiff Stormhale, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X       **09 CV 5273**
STORMHALE, INC.                                                                **(VM) (KNF)**
                                                Plaintiff(s),
-against-

BAIDU.COM, INC., CURRENTLY KNOWN AS
BAIDU, INC.
                                                Defendant(s),
----------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Dated:  New York, New York
           November 17, 2009

/s/ Vivek Suri
          VIVEK SURI

TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    THE COMPLAINT WAS PROPERLY SERVED UPON BAIDU BY SERVING ITS
    AGENT CT CORPORATION SYSTEM, IN NEW YORK . . . . . . . . . . . . . . . . . . . . . . 1

    THIS COURT HAS PERSONAL JURISDICTION OVER BAIDU PURSUANT TO
    NEW YORK'S CPLR SECTION 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Plaintiff, Stormhale, Inc. respectfully submits this memorandum in opposition to the defendant's motion to dismiss the first amended complaint.

## PRELIMINARY STATEMENT

Plaintiff Stormhale, Inc., (hereinafter "Stormhale") is a corporation organized pursuant to the laws of the State of New York.  Plaintiff commenced this case for copyright infringement against defendant Baidu, Inc.  Baidu is corporation organized pursuant to the laws of the Cayman Islands.  Its principal place of business is Beijing, China and it provides internet services in the Chinese language all across the world.

## ARGUMENT

### THE COMPLAINT WAS PROPERLY SERVED UPON BAIDU BY SERVING ITS AGENT CT CORPORATION SYSTEM, IN NEW YORK

On or about July 2, 2009 the defendant was served with the Summons and Complaint upon its agent CT Corporation System (hereinafter "CT Corp"), at its address located at 111 Eighth Avenue, New York, New York.  Plaintiff's counsel as a courtesy also delivered a copy of the Summons and Complaint via courier service upon the address for the defendant listed at its website located in Beijing, China.  This was done solely as a matter of convenience and not to serve Baidu via courier service in China.  Moreover the plaintiff did not even need to send a copy to the defendant in China via courier service because plaintiff had already served the defendant's agent properly in New York.

Pursuant to Federal Rules of Civil Procedure the Complaint in the present action was served upon Baidu by serving its agent.

Fed. R. Civ. P. 4(h) provides the method for serving a Corporation.  It states: "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a

common name, must be served: . . . (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant;"

Even though Baidu is a foreign corporation, it conducts business in the United States and New York. It is listed on the NASDAQ stock exchange and files the required statements with the Securities and Exchange Commission (hereinafter "SEC"). On its filings with the SEC, Baidu clearly states on the first page that CT Corp. is its registered agent to accept service of process. A copy of the most recent filing of Baidu's S8 dated April 22, 2009 with the SEC on the first page states that CT Corp. is its authorized agent. A copy of the S8 is attached as EXHIBIT 1.

In fact when Baidu first offered securities in the United States, it filed SEC F1 statement. Again on Page 1 of the SEC F1 statement dated July 12, 2005, Baidu stated that CT Corp was its authorized agent. A copy of the first 4 pages of Baidu's SEC F1 statement is attached as EXHIBIT 2. This agency relationship between Baidu and CT Corp. is not limited in anyway on Baidu's SEC filings.

Courts have held that "To be considered an agent for jurisdictional purposes, the putative agent must have acted in the state 'for the benefit of, and with the knowledge and consent of' the non-resident principal." *Ross v. UKI Ltd.,* No. 02 Civ. 9297, 2004 WL 384885, at * 4 (S.D.N.Y. Mar.1, 2004) (quoting *Grove Press, Inc. v. Aneleton,* 649 F.2d 121, 122 (2d Cir.1981)). In the present case it is clear that CT Corp. has acted for the benefit of Baidu and with Baidu's knowledge and consent. Therefore this Court should hold that CT Corp. was authorized to accept service of process on behalf of defendant Baidu.

Moreover, the Second Circuit has held that on motion to dismiss the complaint, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985);" *See A.I. Trade Fin.*, 989 F.2d 76, 79-80 (2d Cir. 1993) (court must construe all pleadings and affidavits "in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, *notwithstanding a controverting presentation by the moving party*.") (emphasis added).

In the present case reviewing the facts in the light most favorable to the plaintiff, this Court should hold that CT Corp. was authorized to accept service of process on behalf of the defendant and the plaintiff's actions in serving the Summons and Complaint upon CT Corp. were valid.

Baidu in its motion to dismiss that CT Corp. is only authorized as its agent to accept service of a limited number of documents and lawsuits arising out of its SEC filings.   In support of its motion Baidu attached its agreements with CT Corp. purportedly appointing it as Baidu's agent for limited purposes.

This attempt by Baidu to evade service of process should not be allowed.  When Baidu was raising monies in New York on the NASDAQ stock exchange pursuant to its offering plan it stated in its SEC filings that CT Corp. was its agent.  But now that Baidu is being sued in New York, it seeks to dismiss the complaint because it claims that CT Corp. is not authorized to accept service of process on its behalf for copyright infringement actions.  Nothing could be further from the truth.  The plain language of the Baidu's SEC filings clearly show that CT Corp. is its agent to accept service of process.

Defendant's reliance on the cases cited in its brief is misleading as in those cases the defendants did not appoint an agent to accept service on their behalf in New York as Baidu has done in the instant case. Therefore the assertion that the plaintiff should have served Baidu by following the requirements of the Hague Convention is inapplicable to the case at bar. If Baidu did not have an agent in New York, then plaintiff would have followed to Hague convention to serve Baidu. But, as Baidu had appointed CT Corp. as its agent to accept service of process, the plaintiff was not required to serve Baidu in China via the Hague Convention.

Therefore based on these facts, this Court should deny Baidu's motion to dismiss because its authorized agent was properly served with process in this action.

## THIS COURT HAS PERSONAL JURISDICTION OVER BAIDU PURSUANT TO NEW YORK'S CPLR SECTION 301

As the case at bar is a case for copyright infringement, this Court looks towards New York's statute to decide whether it has personal jurisdiction over the defendant. New York's CPLR Section 301 which allows a New York Court to exercise general personal jurisdiction over a defendant engaged in continuous and systematic course of doing business in New York.

Under New York law, an out-of-state defendant is subject to general personal jurisdiction if it is "doing business" in the state. N.Y. C.P.L.R. § 301; *see also Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 95 (2d Cir.2000). Section 301 "permits a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is 'engaged in such a continuous and systematic course of "doing business" here as to warrant a finding of its "presence" in this jurisdiction.' " *Landoil Resources Corp. v. Alexander & Alexander Services, Inc. .,* 918 F.2d 1039, 1043 (2d Cir.1990) (citing *McGowan v. Smith,* 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)). "A corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action,

related or unrelated to the New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.' "*Wiwa,* 226 F.3d at 95 (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 58 (2d Cir.1985)).

In order to establish general personal jurisdiction under section 301, a plaintiff must demonstrate that the defendant engaged in "continuous, permanent, and substantial activity in New York." *Landoil Resources,* 918 F.2d at 1043. "The test is a 'simple pragmatic one' * * *, which is necessarily fact sensitive because each case is dependent upon its own particular circumstances." *Id.* (citations omitted). *See Wiwa,* 226 F.3d at 98; *Landoil Resources,* 918 F.2d at 1043.

As shown above Baidu is a foreign corporation that has engaged in continuous and systematic business in New York since 2005 when it first sought to raise money through a securities offering and was listed on the NASDAQ stock exchange.  See EXHIBIT 2, Baidu's F1 filing.  According to a search of http://www.google.com, Baidu has made 108 filings with the SEC since 2005 when it first offered securities to investors in the United States and New York.  See http://google.brand.edgar-online.com/?sym=bidu.  This clearly shows that since 2005 Baidu has availed itself of the business opportunities in New York and raised money in New York.  It has conducted systematic business in New York, by hiring lawyers, accountants and other professionals to ensure that it follows the rules and regulations of the SEC due to its listing on the NASDAQ stock exchange.

Due to its systematic contacts with New York, Baidu became subject to the general personal jurisdiction of New York Courts.  For it to now argue that New York Courts do not have personal jurisdiction over it is at best disingenuous.  Baidu can not have it both ways.  It can not seek to avail of the protections of the laws of New York when it seeks to be listed on the

stock exchange and can not now argue that the Courts of New York do not have personal jurisdiction over it. Therefore based on these facts it is clear that Baidu has availed itself of the benefits of New York and that the plaintiff has sufficiently alleged personal jurisdiction over Baidu.

Assuming Arguendo, if this Court were to find the plaintiff has not alleged sufficient jurisdictional facts for it to exercise personal jurisdiction upon Baidu, then plaintiff asks the Court to allow it to amend its complaint so that it can allege sufficient facts for the Court to exercise personal jurisdiction upon the defendant.

## CONCLUSION

For the foregoing reasons this Court should deny Baidu's motion to dismiss.

Dated: New York, New York
November 17, 2009

/s/ Vivek Suri
VIVEK SURI, ESQ.

TO: Davis Polk & Wardwell, LLP (via ECF)
450 Lexington Avenue
New York, NY 10017
(212) 450-4000