USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12 - 16 -09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- X

STORMHALE, INC.,                          :
                                          :     09 Civ. 5273   (VM)
          Plaintiff,                      :
                                          :
     -against-                            :     **DECISION AND ORDER**
                                          :
BAIDU.COM, INC.                           :
                                          :
          Defendant.                      :
------------------------------- X

**VICTOR MARRERO, United States District Judge.**

Plaintiff Stormhale, Inc. ("Stormhale") brought this action against defendant Baidu.com, Inc. ("Baidu") alleging that Baidu, an Internet search engine based in China, infringed copyrights held by Stormhale.[1]

Baidu now moves to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process and Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)") for lack of personal jurisdiction. For the reasons explained below, Baidu's motion to dismiss is GRANTED on both grounds.

## I. DISCUSSION

### A. STORMHALE'S ATTEMPT TO SERVE BAIDU

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of

---

[1] This is the second time Stormhale has sued Baidu for copyright infringement in this Court. See Stormhale Inc. v. Baidu.com, Inc., No. 08-CV-5306 (S.D.N.Y. filed Jun. 10, 2008). The Court dismissed the previous lawsuit because Stormhale did not attempt to serve Baidu with the complaint.

service of summons must be satisfied." <u>Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 104 (1987).   The plaintiff bears the burden of showing that proper service of process was completed. <u>See</u> <u>American Institute of Certified Public Accountants v. Affinity Card, Inc.</u>, 8 F.Supp. 2d 372, 376 (S.D.N.Y. 1998).

In this case, the parties have presented conflicting evidence about Stormhale's service of Baidu.  Stormhale has filed an affidavit indicating that Baidu was served on July 2, 2009, through its agent CT Corporation System ("CT Corp.") at 111 Eighth Avenue in New York City.  Baidu presented an affidavit that no such service occurred on July 2, 2009, but that service was attempted on June 10, 2009, and June 22, 2009, though rebuffed by CT Corp.

Even if the Court credits Stormhale's allegation that CT Corp. did accept service on July 2, 2009, it is clear that Baidu was not properly served.  Baidu presents evidence from SEC filings and agreement letters with CT Corp. that Baidu designated CT Corp. as its agent to receive service of process only for matters related to specific securities filings.  This limited designation prevents Stormhale from properly serving Baidu through CT Corp.   <u>See</u> Fed. R. Civ. P. 4(h)(1)(B) (corporation may be served through agent) ("Rule 4(h)(1)(B)"); <u>Gorman v. Ameritrade Holding Corp.</u>, 293 F.3d 506, 514-15 (D.C.

Cir. 2002) (agent appointed to accept service only for matters arising under Washington, D.C., securities laws is not proper agent for lawsuit unrelated to those securities laws); <u>Lisson v. ING Groep N.V.</u>, 262 Fed.Appx. 567, 2007 WL 2962521, *2 (5th Cir. 2007)(similar).  The Court finds that CT Corp. is not Baidu's agent for receiving general service of process under Rule 4(h)(1)(B) and that Stormhale's service of Baidu through CT Corp. was therefore improper.

Stormhale also indicates that it sent a copy of the amended complaint via Federal Express to Baidu's main office in China. But, in Stormhale's own words, that delivery was merely "a courtesy" and was not meant "to serve Baidu." (Plaintiff's Memorandum of Law In Opposition To Defendant's Motion To Dismiss The Amended Complaint, at 1).  Therefore, the Court finds that delivery of the amended complaint to Baidu in China via Federal Express was not sufficient service of process.

Accordingly, Baidu's motion to dismiss for lack of proper service is GRANTED.

B.    <u>THE COURT'S JURISDICTION OVER BAIDU</u>

Baidu also moves to dismiss the complaint under Rule 12(b)(2) because, even if Baidu was properly served, this Court lacks personal jurisdiction over Baidu.

-3-

As plaintiff, it is Stormhale's burden to prove the existence of personal jurisdiction. In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). The Court construes as true the facts advanced by Stormhale to support jurisdiction. Id. In a copyright action such as this one, the Court may exercise jurisdiction only according to the law in the district where the Court sits. See, e.g., Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp., No. 05-CV-2744, 2007 WL 3378256, at *3 (S.D.N.Y. Nov. 9, 2007).

Stormhale argues that this Court has personal jurisdiction over Baidu under New York's jurisdiction statute, N.Y. C.P.L.R. §§ 301-302, which allows a court to exercise jurisdiction over a corporate defendant "engaged in such a continuous and systematic course of doing business in New York as to warrant a finding of its presence in the jurisdiction." Dardana Ltd. v. Yugansknefteqaz, 317 F.3d 202, 205, n.9 (2d Cir. 2003) (internal citations and quotation marks omitted). Stormhale suggests that because Baidu has listed itself on the NASDAQ Stock Market, made numerous filings with the SEC, and hired accountants and attorneys to assist its NASDAQ listing, that Baidu is doing business in New York in satisfaction of N.Y. C.P.L.R. § 301.

Stormhale's argument fails as a matter of law. The Second Circuit has explained that "the prevailing caselaw

accords foreign corporations substantial latitude to list their securities on New York-based stock exchanges and to take the steps necessary to facilitate those listings (such as making SEC filings and designating a depository for their shares) without thereby subjecting themselves to New York jurisdiction for unrelated occurrences." <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 226 F.3d 88, 97 (2d Cir. 2000) (citations omitted).  Baidu's mere listing on NASDAQ and ancillary contacts with New York related to that listing do not allow the Court to exercise personal jurisdiction over Baidu in a copyright action.

The only argument Stormhale made to this Court to satisfy its burden of proving personal jurisdiction concerned Baidu's NASDAQ activity.  The Court therefore finds that it may not exercise personal jurisdiction over Baidu.  Accordingly, Baidu's motion to dismiss for lack of personal jurisdiction is GRANTED.

## II. <u>ORDER</u>

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant Baidu.com, Inc's to dismiss the amended complaint (Docket No. 7) of plaintiff Stormhale, Inc. is GRANTED, and the amended complaint is dismissed with prejudice.

-5-

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

Dated: New York, New York
      16 December 2009

VICTOR MARRERO
U.S.D.J.
